■ In the Matter of ALBERT Q. DODSON, Appellant, v DIANA PICA, Respondent. [894 NYS2d 493]—

In a proceeding pursuant to Family Court Act article 8 and Domestic Relations Law article 5-A (Uniform Child Custody Jurisdiction and Enforcement Act), the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated April 6, 2009, which, without a hearing, dismissed without prejudice

his petition, in effect, for a modification of an order of protection of the Superior Court of the State of California, Alameda County, dated June 13, 2008, which, after a hearing, inter alia, directed him to stay away from the mother and the parties' three children for a period of five years.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a determination of the father's petition on the merits.

The mother and the father lived together in New York for approximately 14 years, without marrying. They have two daughters and a son. On April 7, 2008, the mother took the children to California, allegedly to escape physical and emotional abuse by the father. On April 8, 2008, the father filed a petition in Family Court, Nassau County, seeking custody of the parties' two daughters. On April 10, 2008, the parties' teenage son returned to New York to reside with the father. On April 29, 2008, the mother filed a "request for order" in the Superior Court of California, Alameda County (hereinafter the California court), seeking an order of protection against the father, and in favor of herself and the three children. In the California court, she also filed a request for custody of the children. In her papers, the mother informed the California court of the pending custody proceeding in New York. Nonetheless, the California court failed to communicate with the Family Court. On June 13, 2008, after a hearing, the California court issued a five-year order of protection which, inter alia, directed the father to stay away from the mother and the three children. The California court issued a separate order granting custody of all three children to the mother, with no visitation for the father. These orders included the parties' teenage son, although he was not in California at the time, and continued to reside with the father in New York.

On June 30, 2008, the California court and the Family Court communicated to determine jurisdictional issues pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law article 5-A; Cal Fam Code § 3400 et seq.) (hereinafter the UCCJEA). The courts agreed that New York was the "home state" (Domestic Relations Law § 75-a [7]), and that the California court, in issuing the orders of protection and custody, had acted solely in the exercise of its temporary emergency jurisdiction under the UCCJEA (see Cal Fam Code § 3424 [a]).

In the New York custody proceedings, on August 14, 2008, the mother caused the California order of protection to be registered in the Family Court, which issued a New York order of protec-

tion with the same terms and conditions. By order dated August 15, 2008, the Family Court (Foskey, J.) granted the father temporary legal and physical custody of the parties' son, with visitation for the mother as agreed upon by the parties. At a court conference on October 30, 2008, the parties wanted to enter into a so-ordered stipulation providing for, inter alia, the father's visitation with one of the parties' daughters, but the court declined to sign it, citing a potential conflict with the June 13, 2008, California order of protection.

The father thereafter filed the instant petition, in effect, for modification of the California order of protection. Without addressing the merits, the Family Court dismissed the father's petition, without prejudice, for lack of jurisdiction.

The father's separate custody proceeding, which, as noted, was initiated in the Family Court prior to the mother's initial filing with the California court, is pending. According to the parties, the Family Court has held the record in the custody proceeding open, pending the determination of this appeal.

We reverse, reinstate the father's petition, in effect, for modification of the June 13, 2008, California order of protection, and remit the matter to the Family Court for a determination of the father's petition on the merits.

Under the circumstances presented, as the California court agreed, New York is the "home state" of the children with jurisdiction to make a "child custody determination," including a custody and visitation order (see Domestic Relations Law § 75-a [3], [7]; § 76 [1] [a]). Obviously, that jurisdiction carries with it the power to modify the California order of protection, as appropriate, in order to effectuate the child custody determination of the Family Court.

Indeed, California's version of the UCCJEA implicitly recognizes as much. The provision governing its authority to exercise temporary emergency jurisdiction states, in pertinent part, that if a child custody proceeding has been commenced in the home state, which is the case here, then "any order" issued by the State of California "must specify in [its] order a period that the court considers adequate to allow the person seeking an order to obtain an order from" the home state. The statute further provides that the California order "remains in effect until an order is obtained from the [home state] within the period specified or the period expires" (Cal Fam Code § 3424 [c]). Furthermore, in aid of the latter provision, the California statute further states that upon being informed that a child custody proceeding has been commenced in the home state, as the California court was in this case by the mother's papers, the Cali-

fornia court exercising temporary emergency jurisdiction must communicate with the home state (*see* Cal Fam Code § 3424 [d]). The California court failed to do so in this case, prior to issuance of the June 13, 2008, order of protection. Thus, the opportunity the statute contemplates to set a realistic duration on the emergency order—and there is no indication that the five-year period of the California order of protection was set with regard to that provision—was lost here.

We further note that the temporary emergency jurisdiction of the California court extended only to children who were then in California and in need of protection (*see* Cal Fam Code § 3424 [a]). It is undisputed that the parties' son left California on April 10, 2008, and was in New York on June 13, 2008, the date of the California orders of protection and custody. The California orders were, therefore, invalid as to the parties' son.

Under the circumstances, including the California court's agreement, subsequent to the June 13, 2008, order of protection, that California was exercising only temporary emergency jurisdiction, and that New York is the home state of the children with the authority, inter alia, to make a child custody determination, the Family Court had the jurisdiction to entertain the father's petition, in effect, for modification of the California order of protection. Dillon, J.P., Covello, Miller and Chambers, JJ., concur.